[No. C060845. Third Dist. July 7, 2010.]

JEWEL JACKSON, Plaintiff and Appellant, v.
COUNTY OF AMADOR, Defendant and Respondent.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of part II.

**Counsel**

Roger V. Jaffe for Plaintiff and Appellant.

Porter Scott, Stephen E. Horan and Jessica M. Walker for Defendant and Respondent.

OPINION

SCOTLAND, P. J.—Jewel Jackson sued the County of Amador and its recorder (collectively, the County), alleging that the county recorder violated section 27203 of the Government Code by "willfully, negligently, untruly and/or in a manner other than that prescribed by [the recording statutes] caused to be recorded" a durable power of attorney and two quitclaim deeds which, she asserted, had been fraudulently procured by her brother. Even though the documents had certificates of acknowledgment by a notary public, Jackson contends the county recorder breached a duty to her by failing to determine that she did not sign the power of attorney or direct her brother to sign it on her behalf and, thus, the recorder should not have recorded the documents.

After sustaining the County's demurrer without leave to amend, the trial court dismissed Jackson's lawsuit. She appeals.

We conclude the County did not owe Jackson a duty to look beyond the notary's certificate of acknowledgment and determine whether the power of attorney was legally sufficient to confer on Norton the power to engage in real property transactions on Jackson's behalf. As we will explain, the statutory scheme explicitly states that a county recorder shall not refuse, on the basis of "lack of legal sufficiency," to record "any instrument, paper, or notice that is authorized or required by statute or court order to be recorded" (Gov. Code, § 27201, subd. (a)). Because the documents included certificates of acknowledgment by a notary, and the requirements of Government Code section 27201 were met, the county recorder was required to record them.

In the unpublished part of this opinion, we conclude the trial court correctly denied Jackson leave to amend her complaint against the County. Thus, we shall affirm the judgment of dismissal.

FACTUAL AND PROCEDURAL BACKGROUND

On review of a judgment of dismissal entered after the trial court sustained a demurrer without leave to amend, we assume the truth of the properly pleaded and implied factual allegations of the complaint. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 [6 Cal.Rptr.3d 457, 79 P.3d 569].)

Jackson was the owner of two rental houses in the town of Ione, in Amador County. In March 2007, her brother, Willie B. Norton, fraudulently executed

a durable power of attorney, naming himself as Jackson's attorney in fact possessing the power to enter into real property transactions on her behalf, and had it notarized and recorded. Norton signed the document: "Jewel A. Jackson by Attorney in Fact Willie B. Norton." The certificate of acknowledgment of the notary public, appearing below the signature line, stated among other things that Norton "personally appeared" before the notary; that Norton proved, "on the basis of satisfactory evidence," to be "the person whose name is subscribed to the within instrument"; and that he acknowledged "he executed the same in his authorized capacity." This acknowledgment was signed by C.J. Wallin, notary public for the State of California.

Norton also fraudulently executed two quitclaim deeds that purported to transfer Jackson's interest in her two houses to Norton, and had them notarized and recorded. The deeds were signed by Norton, purportedly on behalf of Jackson as her "attorney in fact."

After recording these documents, Norton demanded that the tenants vacate the premises. The subsequent loss of rental income resulted in Jackson's inability to timely pay the mortgages.

Jackson sued Norton, Wallin, and the surety on Wallin's notary bond, seeking to cancel the power of attorney and both quitclaim deeds. Her complaint asserted claims of intentional infliction of emotional distress against Norton, and negligence on the part of Wallin for notarizing the power of attorney without Jackson being present.

Following a settlement with Wallin and the surety, Jackson filed a first amended complaint asserting a new cause of action against the County, alleging violation of Government Code section 27203 on the ground that the County "willfully, negligently or untruly caused to be recorded" the power of attorney and quitclaim deeds. (Further section references are to the Government Code unless otherwise specified.)

The County demurred, arguing that "[n]o cause of action exists against [a] county recorder for failing to investigate and determine the legal sufficiency of a document, specifically whether such document was procured by fraud," and that section 27203 "should not be interpreted to impose liability as that would be in contravention of the duties imposed by [section] 27201 and would require the county recorder to engage in the unauthorized practice of law."

The trial court sustained the demurrer with leave to amend.

Jackson's second amended complaint alleged the County violated section 27203 by "willfully, negligently, untruly and/or in a manner other than that prescribed by Government Code section 27201, et seq.[,] caused to be recorded" the durable power of attorney and quitclaim deeds, and asserted the following wrongful acts: (1) "[r]ecording a Durable Power of Attorney when such a paper is not an 'instrument' " entitled to be recorded, (2) "failing to determine [that Jackson] did not sign the Durable Power of Attorney and therefore the paper was not recordable," (3) "failing to determine [that Jackson] did not acknowledge the Durable Power of Attorney and therefore the paper was not recordable," (4) "[f]ailing to determine [that Jackson] did not sign the Quit Claim Deeds and therefore the instruments were not recordable," and (5) "[f]ailing to determine [that Jackson] did not acknowledge the Quit Claim Deeds and therefore the instruments were not recordable."

The County demurred, asserting that a durable power of attorney is indeed a recordable instrument; that the deeds and durable power of attorney were properly recorded; and that county recorders are not liable for failing to determine the legal sufficiency of an instrument, including whether it was properly signed or acknowledged.

In opposition, Jackson argued section 27203 imposes a duty on the County to "spot forgeries" by ensuring that instruments sought to be recorded are signed by the person whose real property is affected and, if signed by an agent, by demanding proof that the principal was present and directed the agent to sign the instrument on her behalf.

The trial court sustained the demurrer without leave to amend, stating: "They're just recorders. They receive documents and they record them. [¶] . . . [¶] If we're going to hold them responsible for every defect in a legal instrument, the County might as well turn over their coffers to the plaintiffs' lawyers in this state."

Jackson filed a notice of appeal from entry of the ensuing judgment of dismissal.

## DISCUSSION

### I

Jackson contends that she "stated a cause of action against the County of Amador for negligence pursuant to Government Code [section] 27203,"

which provides that, when a county recorder records an "instrument, paper, or notice, *willfully or negligently, untruly, or in any manner other than that prescribed by [the Recording Act],*" the recorder may be "liable to the party aggrieved for the amount of the damages occasioned thereby . . . ." (§ 27203, subd. (b), italics added.)[1]

In Jackson's view, section 27203 should be interpreted to impose upon a county recorder a "duty" to "review [an instrument presented for recording] to determine the proper person signed the instrument." Asserting that the power of attorney presented to the County by Norton for recording was "highly suspicious of a forgery," Jackson claims the County was negligent in failing "to return the document to [Norton, the purported] attorney-in-fact and request authentication by [Jackson] the principal." This is so, Jackson argues, even though the instrument included a certificate of acknowledgment by a notary public.

As did the trial court, we conclude that section 27203 did not impose such a duty on the recorder.

A county recorder "shall, upon payment of proper fees and taxes, accept for recordation any instrument, paper, or notice that is authorized or required by statute or court order to be recorded, if the instrument, paper, or notice contains sufficient information to be indexed as provided by statute, meets recording requirements of state statutes and local ordinances, and is photographically reproducible. The county recorder *shall not refuse to record any instrument,* paper, or notice that is authorized or required by statute or court order to be recorded *on the basis of its lack of legal sufficiency.*" (§ 27201, subd. (a), italics added.)

█ Powers of attorney and quitclaim deeds are instruments that, by statute, may be recorded. (§§ 27232, 27280 [quitclaim deed], 27238 [power of attorney]; *Jones v. Marks* (1874) 47 Cal. 242, 246–248 [power of attorney authorizing agent to execute instrument affecting title to real property was authorized to be recorded].)

---

[1] In pertinent part, section 27203 states more fully: "Any recorder to whom an instrument proved or acknowledged according to law or any paper or notice which may by law be recorded is delivered for record is liable to the party aggrieved for the amount of the damages occasioned thereby, if [the recorder] *commits any of the following acts:* [¶] . . . [¶] (b) Records any instrument, paper, or notice, willfully or negligently, untruly, or in any manner other than that prescribed by this chapter [of the Recording Act]."

A power of attorney authorizes "an attorney-in-fact to act on the principal's behalf with respect to all lawful subjects and purposes or with respect to one or more express subjects or purposes." (Prob. Code, § 4123, subd. (a).) "With regard to property matters, a power of attorney may grant authority to make decisions concerning all or part of the principal's real and personal property . . . ." (Prob. Code, § 4123, subd. (b).)

"A notary acknowledgment shall be deemed complete for recording purposes without a photographically reproducible official seal of the notary public if the seal, as described in Section 8207, is present and legible, and the name of the notary, the county of the notary's principal place of business, the notary's telephone number, the notary's registration number, and the notary's commission expiration date are typed or printed in a manner that is photographically reproducible below, or immediately adjacent to, the notary's signature in the acknowledgment." (§ 27201.5, subd. (a).)

The power of attorney and quitclaim deeds recorded in this matter contained a certificate of acknowledgment by a notary, in the proper statutory form, indicating Norton personally appeared before the notary, proved to the notary that Norton was the person who had signed the instruments, and acknowledged to the notary that Norton executed the instruments in his authorized capacity.

However, the notary acknowledged the power of attorney even though it was not signed by Jackson or by a person in her presence and at her direction, as required by Probate Code section 4121, which states: "A power of attorney is legally sufficient if all of the following requirements are satisfied: [¶] (a) The power of attorney contains the date of its execution. [¶] (b) The power of attorney is signed either (1) by the principal or (2) in the principal's name by another adult in the principal's presence and at the principal's direction. [¶] (c) The power of attorney is either (1) acknowledged before a notary public or (2) signed by at least two witnesses who satisfy the requirements of [Probate Code section] 4122."

Jackson contends that, because the power of attorney was not executed in compliance with the aforesaid statute, it was not an "instrument" within the meaning of section 27201 that the recorder was required to accept for recordation. We disagree.

Section 27201 explicitly prohibits a recorder from refusing to record an instrument "on the basis of its lack of legal sufficiency." (§ 27201,

subd. (a).) Whether the power of attorney complied with Probate Code section 4121 bore upon its legal sufficiency, not upon its nature as an instrument within the meaning of section 27201.

Thus, the County correctly points out that it was required to record the power of attorney because (1) Norton paid the requisite fees and taxes, (2) the document was an instrument within the meaning of section 27201 that is authorized to be recorded, (3) it contained sufficient information to be indexed, (4) it was acknowledged by a notary, and (5) it was photographically reproducible. For the same reasons, the County's recorder was required to record the two quitclaim deeds.

Jackson disagrees, relying on section 27203, subdivision (b), which as noted above provides that a recorder is liable for damages occasioned by its recordation of an "instrument, paper, or notice, willfully or negligently, untruly, or in any manner other than that prescribed by [the Recorder Act]." In Jackson's view, this statute "recognizes the obligation of a [r]ecorder and its employees [to] have some knowledge [of] what can and cannot be recorded," including "knowledge of the statutory definition of a 'power of attorney' and alternative methods of authenticating such a document under Probate Code [section] 4121." Thus, citing policy considerations set forth in *Rowland v. Christian* (1968) 69 Cal.2d 108, 113 [70 Cal.Rptr. 97, 443 P.2d 561], Jackson argues that subdivision (b) of section 27203 should be construed to impose on a recorder the duty to "review . . . the document to determine the proper person signed the instrument."[2]

The premise of Jackson's argument is flawed. Construed in harmony with section 27201, subdivision (a), section 27203 does not recognize an obligation on the part of a county recorder to know whether a power of attorney presented for recordation satisfies the requirements of Probate Code section 4121. This is so because that question deals with the legal sufficiency of a power of attorney, and section 27201, subdivision (a) plainly says a recorder may not refuse to record an instrument "on the basis of its lack of legal sufficiency."

"[I]t has never been the duty of the county recorder to make determinations of that type of legal sufficiency; whether a document was sufficiently or

---

[2] As "the major" policy considerations in determining whether there exists a duty of care, *Rowland v. Christian, supra,* 69 Cal.2d 108, cited "the foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved." (*Id.* at p. 113.)

correctly drafted to accomplish its purpose has always been a determination made by a court of law." (67 Ops.Cal.Atty.Gen. 93, 96 (1984); see *City of Irvine v. Southern California Assn. of Governments* (2009) 175 Cal.App.4th 506, 521 [96 Cal.Rptr.3d 78] [while not binding on this court, an opinion of the Attorney General "is entitled to great weight and, in the absence of contrary controlling authority, persuasive"].)

To read the statutory scheme as Jackson urges would not only be inconsistent with section 27201, subdivision (a), it would place a county recorder's office in the untenable position of requiring its employees to in effect practice law and to second-guess a notary, rather than presume the notary has regularly performed his or her official duty. (Evid. Code, § 664.) Here, for example, the recorder could assume that the notary's certificate of acknowledgment of the power of attorney meant Jackson was present and directed Norton to sign the power of attorney and the quitclaim deeds as her attorney in fact.

Indeed, the County points out that "[t]here was no way for the County Recorder to know that the [power of attorney presented by Norton] had not been properly executed on behalf of Jackson or properly acknowledged before a notary . . . . As a practical matter, the county recorder's office could not function if each and every document presented for recording had to be attested to in person by all parties named therein. The recording system is only effective through the use of acknowledgments by notaries. Because the [power of attorney and quitclaim deeds were] acknowledged by a notary and met statutory requirements, [they were] properly recorded." "Liability for any deficiency in the acknowledgment lies with [the] notary," not the recorder.

■ For the reasons stated above, we conclude the county recorder did not have a duty to determine whether the power of attorney and quitclaim deeds were fraudulent despite the fact that they were acknowledged by a notary public. To the contrary, section 27201 required the County to record those instruments.

II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante,* page 514.

## DISPOSITION

The judgment is affirmed. Jackson shall reimburse the County for its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)

Hull, J., and Cantil-Sakauye, J., concurred.