Filed 10/27/25  Kidgell v. County of Merced CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| GARY HOWARD KIDGELL,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>COUNTY OF MERCED,<br><br>Defendant and Respondent. | F089053<br><br>(Super. Ct. No. 23CV-04276)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Merced County.  Mark V. Bacciarini, Judge.

Gary Howard Kidgell, in pro. per., Plaintiff and Appellant.

Forrest W. Hansen, County Counsel, Jenna M. Anderson and Mark T. Laluan, Deputy County Counsel, for Defendant and Respondent.

-ooOoo-

Gary Howard Kidgell, who is self-represented, is plaintiff and appellant in this matter.  Kidgell initiated this action in the Merced County Superior Court against Merced County.  Kidgell challenged the recordation of a deed by Merced County in 1873. Kidgell asserted the deed at issue concerned property acquired by his great-great-grandfather, George Spafford Evans, in 1870.  Kidgell contended the deed—which

evidently transferred the property at issue from his great-great-grandfather to another person—was fraudulent and improperly recorded. Kidgell sought damages from Merced County for recording the deed in 1873.

The trial court granted, with leave to amend, Merced County's demurrers to successive complaints filed by Kidgell. Ultimately, the trial court granted Merced County's demurrer to Kidgell's third amended complaint (TAC) without leave to amend. Judgment of dismissal was entered. Kidgell appealed. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 4, 2023, Kidgell filed a complaint against the County of Merced (County or Merced County). On December 27, 2023, he filed a first amended complaint against County. On April 22, 2024, he filed a second amended complaint against County. Finally, on August 19, 2024, he filed a TAC against County.

Kidgell's initial complaint and first amended complaint were dismissed for improper service. As for Kidgell's second amended complaint, the trial court sustained the County's demurrer to it, with leave to amend. The County also demurred to Kidgell's TAC. The court sustained the demurrer to the TAC without leave to amend.

Thereafter, Kidgell filed a motion for reconsideration as to the court's order sustaining the demurrer to the TAC, along with various other filings. The court heard the matters on December 16, 2024. The court noted that Kidgell had already filed a notice of appeal in the case. Accordingly, the court did not rule on the motion for reconsideration and other filings.

Kidgell's notice of appeal was filed on December 2, 2024. It clarifies that he appealed from the court's order sustaining the demurrer to the TAC without leave to amend.

### *Kidgell's Operative Third Amended Complaint*

Kidgell's TAC states that he was a self-represented plaintiff and was suing County on behalf of the heirs of George Spafford Evans, of which he was one. The TAC alleges

2.

that Evans's heirs were deprived of legal title to 880 acres of Evans's property when Merced County recorded a "false and fraudulent document" purporting to be a grant deed as to the 880-acre property. According to the TAC, the deed in question was recorded "[o]n or about April 25, 1873." The TAC states that County's "failure to exercise due diligence" at the time the deed was recorded "gives rise to the causes of action" therein.

Attached to the TAC, as exhibit A, is a handwritten, *notarized* deed that concerns a property transaction between George Evans and a John Mitchell in 1872. The deed has a notation indicating it was recorded on April 25, 1873, in the records of Merced County.

We will summarize the causes of action asserted in the TAC as to Merced County, namely the first (cancellation of written instrument), third (constructive fraud), and fourth (negligence and breach of fiduciary duty) causes of action. The second cause of action (quiet title) is asserted as to "unknown defendants" and does not implicate Merced County.

The first cause of action in the TAC is entitled, "cancellation of written instrument in the County of Merced records as a fraudulent document which renders it unenforceable on its face and is voidable." (Some capitalization omitted.) The TAC notes that Kidgell discovered the grant deed document "on or around May 1, 2023." The TAC alleges, with respect to the first cause of action, that Evans's signature on the deed is forged, and the deed is therefore void and unenforceable. The TAC states: "[T]he County failed to perform required due diligence and knew or should have known that the document was not a proper contract or deed."

The third cause of action in the TAC is entitled, "constructive fraud pursuant to California Gov. Code § 1573."[1] (Some capitalization omitted.) It asserts: "On or about April 25, 1873 in the County of Merced the ('Defendants') committed a wrongful act by accepting and caus[ing] to be recorded a document (Exhibit A) in violation of California

---

[1] There is no such statute. It appears the reference should be Civil Code section 1573.

Gov. Code § 1573." The TAC continues: "The Defendants actively participated in the scheme to deprive the Plaintiff of 880 Acres which at the time was and still is under United States Land Patent certificate No. 3563, An order, signed by former President of the United States Ulysses S. Grant 1870 (Exhibit B)." The TAC adds: "The County of Merced ('DEFENDANTS') breached their fiduciary duty, without an actual fraudulent intent." The TAC further states: "The County of Merced ('DEFENDANTS') participated in the recording as a third party and assisted in misrepresenting the facts and are misleading the public."

The fourth cause of action in the TAC is for "negligence and breach of fiduciary duty." (Capitalization omitted.) It asserts that the County was negligent and breached a fiduciary duty in recording the deed in question in 1873.

The TAC seeks damages, the amount of which damages are "within the special knowledge of defendants and a real estate expert appraiser," but which "exceed $150 million."

### Trial Court's Order on County's Demurrer to TAC

The trial court sustained the County's demurrer to the TAC, without leave to amend. More specifically, the court ordered:

> "The Demurrer by County of Merced to Plaintiff's [TAC] is SUSTAINED WITHOUT LEAVE TO AMEND. The County is immune [from] liability arising from the mere recordation of [a] document that meets the requirements for recording on its face under Government Code § 820.4. Plaintiff's remedy is to bring an action to quiet title with respect to the current record owners of the land, not the County that recorded the document establishing such legal title. Since no amendment can state a claim against the County, The Demurrer by County of Merced to Plaintiff's [TAC] is SUSTAINED WITHOUT LEAVE TO AMEND."

## DISCUSSION

### I. STANDARD OF REVIEW

"On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, the standard of review is well settled." (*City of Dinuba v.*

*County of Tulare* (2007) 41 Cal.4th 859, 865.) "When a demurrer is sustained, we determine [de novo] whether the complaint states facts sufficient to constitute a cause of action." (*Ibid*.) In doing so, we "give the complaint a reasonable interpretation, reading it as a whole and its parts in their context." (*Ibid*.) "Further, we treat the demurrer as admitting all material facts properly pleaded, but do not assume the truth of contentions, deductions or conclusions of law." (*Ibid*.)

When a demurrer is sustained without leave to amend, we review the denial of leave for abuse of discretion. (*McKell v. Washington Mutual, Inc.* (2006) 142 Cal.App.4th 1457, 1469.) It is an abuse of discretion for the trial court to sustain a demurrer without leave to amend "if there is a reasonable possibility the plaintiff can amend the complaint to allege any cause of action." (*Smith v. State Farm Mutual Automobile Ins. Co.* (2001) 93 Cal.App.4th 700, 711; see *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) "To prove such abuse of discretion, however, the plaintiff must demonstrate how the complaint can be amended. [Citation.] While such a showing can be made for the first time to the reviewing court [citation], it must be made." (*Smith*, *supra,* at p. 711.) "To satisfy that burden on appeal, a plaintiff 'must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading.' " (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43.)

## II. COUNTY IS IMMUNE FROM ALL CLAIMS AGAINST IT

Kidgell argues: "This appeal challenges the trial court's order sustaining the County of Merced's demurrer to the [TAC] without leave to amend. The trial court erred in applying Government Code section 820.4 in [its] final ruling and denying the plaintiff an opportunity to amend the [TAC]." Kidgell does not further develop this argument. We conclude Kidgell has not shown the trial court erred.

Government Code section 820.4 provides: "A public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law."

Furthermore, Government Code section 820.8 provides: "A public employee is not liable for an injury caused by the act or omission of another person."

Here, the disputed governmental act or omission is the recordation of a notarized deed by the Merced County recorder. Under Government Code sections 27280, 27287, and 27201, a county recorder is required to a record a deed that appears valid on its face. Government Code section 27280, subdivision (a) provides for recordation of deeds; it states, "Any instrument or judgment affecting the title to or possession of real property may be recorded[.]" Government Code section 27287 provides that with certain exceptions, "before an instrument can be recorded, its execution shall be acknowledged by the person executing it." Finally, Government Code 27201, subdivision (a)(1)(A) provides: "The recorder *shall*, upon payment of proper fees and taxes, accept for recordation any instrument, paper, or notice that is *authorized* or required *by statute*, or court order *to be recorded* … The county recorder *shall not refuse* to record any instrument, paper, or notice that is *authorized* or required *by statute*, [or] court order … to be recorded on the basis of its *lack of legal sufficiency*." (Italics added.)

"The county recorder is not required to conduct a fraud investigation before recording documents that are valid on their face." (*Lyons v. Santa Barbara County Sheriff's Office* (2014) 231 Cal.App.4th 1499, 1504; accord *Jackson v. County of Amador* (2010) 186 Cal.App.4th 514, 520–522 (*Jackson*) [county recorder did not err or violate law by recording a durable power of attorney and quitclaim deeds that were allegedly fraudulently procured, with forged signatures].) *Jackson* clarified that a county recorder is not required to review an instrument presented for recording to determine that the proper person had signed the instrument. (*Jackson, supra,* at p. 519.) Nor is it "the duty of the county recorder to make determinations [as to] whether a document was sufficiently or correctly drafted to accomplish its purpose." (*Jackson, supra,* at pp. 521–522.)

Furthermore, under Government Code section 27203, subdivision (a), should a county recorder *refuse* to record a duly acknowledged instrument, the recorder would be liable for any damages thereby occasioned.

Here, the deed in question was notarized and the county recorder's office was therefore required to record it. (See *Jackson*, *supra*, 186 Cal.App.4th at p. 522 [it would be "untenable" for a county recorder's office "to second-guess a notary, rather than presume the notary has regularly performed his or her official duty"].) Indeed, the recorder's office would have been subject to potential liability had it refused to record the deed.

Furthermore, a notary public is directly responsible for any derogation of his or her duty. (See Gov. Code, § 8214 ["For the official misconduct or neglect of a notary public, the notary public and the sureties on the notary public's official bond are liable in a civil action to the persons injured thereby for all damages sustained."].)

We conclude the county recorder here was required to record the deed in question under Government Code sections 27280 and 27201 and, therefore, the act of recordation was immunized under Government Code section 820.4. (See Gov. Code, § 820.4 ["A public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law."]; see also Gov. Code, § 820.8 ["[A] public employee is not liable for an injury caused by the act or omission of another person."].) It follows that the trial court properly sustained County's demurrer to the TAC on grounds that, pursuant to Government Code section 820.4, County was immune from all claims. Further, the trial court properly denied leave to amend.

Kidgell asserts that County is not immune because the county recorder acted negligently. Kidgell appears to be referencing Government Code section 27203, subdivision (b), which provides that a recorder is liable for damages occasioned by its recordation of an "instrument, paper, or notice, willfully or negligently, untruly, or in any manner other than that prescribed by [the Recorder Act]." However, Kidgell's argument

7.

is foreclosed by *Jackson*, which rejected a similar argument made under Government Code section 27203, subdivision (b), there. (See *Jackson*, *supra*, 186 Cal.App.4th at p. 522 ["[W]e conclude the county recorder did not have a duty to determine whether [a] power of attorney and quitclaim deeds [submitted for recording] were fraudulent despite the fact that they were acknowledged by a notary public. To the contrary, [Government Code] section 27201 required the County to record those instruments."].)

After the trial court sustained County's demurrer to the TAC, Kidgell filed a motion for reconsideration, a motion to amend all previous complaints with a supplemental complaint, and a motion to enter new evidence. Kidgell faults the trial court for not granting these motions. However, these matters came on for hearing before the trial court on December 16, 2024. By that time, Kidgell had already filed a notice of appeal from the trial court's sustainment of the demurrer to the TAC; Kidgell filed his notice of appeal on December 2, 2024. At the hearing on Kidgell's motions, the trial court properly declined to rule on the motions given that Kidgell's appeal was already pending and the trial court did not have jurisdiction to alter the orders that were on appeal.

In sum, we conclude County is immune from suit arising from its recordation of the deed in question, and in turn that the trial court properly sustained the demurrer to the TAC without leave to amend. In addition, since County is immune with respect to all the causes of actions asserted against it in the TAC—that is, the first, third, and fourth causes of action, all of which arise from County's recordation of the deed—we need not further address the lack of viability of each individual claim.

III.    KIDGELL'S NEWLY RAISED 42 UNITED STATES CODE SECTION 1983 CLAIMS FAIL

Kidgell asserts claims under 42 United States Code section 1983 that were not included in his TAC, evidently in an effort to present a viable claim that would warrant granting him leave to amend the TAC. Specifically, he contends: "The appellant's

claims involve significant constitutional issues, including the violation of property rights under the United States Constitution.  The County of Merced's actions [are] a violation of the appellant's property rights."

As an initial matter, Kidgell has not adequately developed his argument or supported it with citations to appropriate authorities and has therefore forfeited it.  (*Cahill v. San Diego Gas & Electric Co*. (2011) 194 Cal.App.4th 939, 956 [" 'Appellate briefs must provide argument and legal authority for the positions taken.  "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." ' "]; *Hodjat v. State Farm Mutual Automobile Ins. Co*. (2012) 211 Cal.App.4th 1, 10 ["[A]ppellant is required to not only cite to valid legal authority, but also explain how it applies in his case."].)  Even discounting forfeiture, his claims fail.

To establish a claim under 42 United States Code section 1983, a plaintiff must demonstrate that he or she was deprived of a right secured by the United States Constitution and that the deprivation occurred under color of state law.  This typically requires demonstrating a sufficiently close nexus between the state and the challenged action, such that the action may fairly be treated as that of the state itself.  (*Homestead Savings v. Darmiento* (1991) 230 Cal.App.3d 424, 431-432; *Jackson v. Metropolitan Edison Co*. (1974) 419 U.S. 345, 351.)

The Due Process Clause of the Fourteenth Amendment provides:  "[N]or shall any State deprive any person of life, liberty, or property, without due process of law."  Kidgell appears to assert that he was deprived of property in violation of the Fourteenth Amendment's guarantee of due process of law.  However, the use of a state process by private parties "without the 'overt, significant assistance of state officials' " cannot "properly be considered state action."  (*American Manufacturers Mutual Insurance Co. v. Sullivan* (1999) 526 U.S. 40, 54.)  Our caselaw suggests that the mere recordation of a deed by a county recorder does not constitute state action with respect to the property that

is the subject of the deed. (See *Garfinkle v. Superior Court* (1978) 21 Cal.3d 268, 279 [mere recognition by the state of the legal effect of the transactions of private parties is not sufficient to convert the acts of those private parties into the acts of the state for Fourteenth Amendment purposes; virtually all formal private arrangements assume, at some point, the supportive role of the state].) Kidgell cites no relevant authority supporting his contention that County's recordation of the deed in 1873 amounted to state action with respect to his rights in the underlying property. Accordingly, he cannot establish that County violated his due process rights in recording the deed.

To the extent Kidgell argues he was deprived of his property rights under the Takings Clause of the United States Constitution, that claim fails as well. (See *Schneider v. California Department of Corrections* (9th Cir. 1998) 151 F.3d 1194, 1198 ["[T]he Takings Clause has long been held to apply to the States through the Due Process Clause of the Fourteenth Amendment."].) Here, by virtue of the deed, the property at issue was ostensibly conveyed from one private party to another. County did not condemn the property for public use. Accordingly, Kidgell cannot establish a violation of the Takings Clause.

We therefore affirm the trial court's sustainment of County's demurrer to the TAC without leave to amend.

IV.    MISCELLANEOUS CLAIMS ON APPEAL

    *A.    Discovery*

Kidgell makes a tangential reference in his opening brief that counsel for County "refused to participate in the discovery process." He cites to letters that he wrote to County, dated March 3, 2024, and April 25, 2024 respectively, indicating that he was awaiting responses to his discovery requests. The letters request County to inform him whether discovery responses would be forthcoming or not, so that he could seek court intervention if necessary. However, Kidgell has not shown that he ever sought court intervention as to any discovery issue or that the court made any findings as to potential

discovery violations by County.  Accordingly, he cannot establish any discovery violations, or prejudice arising from any such violations, for purposes of appeal.

### B.    *Judicial Bias*

Kidgell contends:  "The trial court on several different occasions has demonstrated bias by instructing the defense counsel to actually file a demurrer and in one instance preventing the Plaintiff from speaking or offering oral argument.  During hearing [the judge] stated to Plaintiff 'I don't care' when Plaintiff nervously was explaining to the court his Pro Per status."  However, Kidgell either does not provide any citations to the record or his citations are not accurate.  Accordingly, we are unable to evaluate his claims.

Kidgell further contends that the trial court judge's rulings were the product of bias.  However, Kidgell's contentions in this regard are not persuasive.  (See *Schmidt v. Superior Court* (2020) 44 Cal.App.5th 570, 589 ["Numerous and continuous rulings against a party are not grounds for a finding of bias."]; accord *Andrews v. Agricultural Labor Relations Bd.* (1981) 28 Cal.3d 781, 795–796 (plur. opn. of Newman, J.).)

## DISPOSITION

The judgment is affirmed.  Each party to bear its own costs on appeal.


FRANSON, Acting P. J.

WE CONCUR:


PEÑA, J.


ELLISON, J.*


---

\*      Retired judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.