[No. B125212. Second Dist., Div. Six. Mar. 1, 2000.]

JOHN GEORGE et al., Plaintiffs and Appellants, v.
COUNTY OF SAN LUIS OBISPO et al., Defendants and Respondents.

COUNSEL

Shane Kramer for Plaintiffs and Appellants.

Hall & Hieatt and Stephanie A. Bowen for Defendants and Respondents.

OPINION

**PERREN, J.**—John George, James F. George IV, and Mary George (the Georges) appeal from the summary judgment entered in favor of respondents County of San Luis Obispo, and Sheriff's Deputies Gary Anderson and Ben Hall (Sheriff). The Sheriff evicted the Georges from property leased to family members James George III and Margie George pursuant to an order and writ of possession issued by the federal bankruptcy court. The Georges contend that the Sheriff is liable for wrongful eviction for failing to either comply with state law in executing the writ or to furnish them with due process in the execution of the order and writ. We conclude that the Sheriff, acting pursuant to an order and writ of possession regular on their face, which were issued by a court of competent jurisdiction, was immune from liability in evicting the Georges. We affirm.

### Factual and Procedural Background

In June 1994, Margie George and James George III (bankrupts) filed bankruptcy. At the time, they were lessees under a commercial lease from the City of Morro Bay (City). On April 15, 1996, the bankruptcy court issued an order (the Order) which provides that (a) the bankrupts "and anyone claiming possession under or through them who had notice of these proceedings, including . . . Mary George, and James George, IV, to the extent they assert a claim to the non-residential lease, must immediately surrender possession of the property . . . to the CITY OF MORRO BAY," and (b) the bankruptcy court will issue a writ of possession for the surrender, which may be executed by any authorized enforcement agency including the Sheriff.

The bankruptcy court's May 28, 1996, writ of possession named the bankrupts, but not the Georges. The writ was sent to the Sheriff for execution, together with the Order and letters of explanation from the City. When the Sheriff served the writ, the Georges presented state law claims of right to possession prepared for filing in the bankruptcy case. The Sheriff attempted to file the claims in the bankruptcy court. That court refused to file them because they were state forms inapplicable to a bankruptcy case. The Sheriff then evicted the Georges.

The Georges filed their complaint on September 10, 1997. It alleges that the Georges had an interest in the lease but were evicted by the Sheriff in violation of state unlawful detainer law. The complaint includes causes of action for wrongful eviction, inverse condemnation, and violation of rights under 42 United States Code section 1983. The trial court granted summary judgment in favor of the Sheriff on the ground that the bankruptcy court adjudicated the Georges' interest in the lease and state unlawful detainer law did not apply.

## Discussion

■ We review the order granting summary judgment de novo. (*Buss v. Superior Court* (1997) 16 Cal.4th 35, 60 [65 Cal.Rptr.2d 366, 939 P.2d 766].)

■ The Georges challenge orders made by the bankruptcy court and actions taken by the City in the bankruptcy case. But, this case is not an appeal of the Order or an action against the City. The case is against the Sheriff whose only role in the proceedings was to execute a writ of possession issued by the bankruptcy court.

■ The Sheriff's liability is limited by Code of Civil Procedure section 262.1, which provides that a "sheriff or other ministerial officer is justified in the execution of, and shall execute, all process and orders regular on their face and issued by competent authority, whatever may be the defect in the proceedings upon which they were issued." In deciding whether process is regular on its face, it is sufficient if it appears valid to an "ordinarily intelligent and informed layman." (*Vallindras v. Massachusetts etc. Ins. Co.* (1954) 42 Cal.2d 149, 154 [265 P.2d 907]; *Hayward Lumber & Inv. Co. v. Biscailuz* (1957) 47 Cal.2d 716, 722 [306 P.2d 6].) The ministerial officer does not have to "search out legal niceties of procedure." (*Ibid.*) To hold a ministerial officer to a higher standard would detract from the efficient performance of his or her duty. (*Ibid.*) ■ Thus, the Sheriff is not liable for defects in the bankruptcy case, and is not responsible for deciding the "legal niceties" of bankruptcy law.

The Georges contend that the writ of possession was irregular on its face because it did not name them. The writ therefore violated state unlawful detainer law and denied them due process. We conclude that the Georges' contentions lack merit. State unlawful detainer law does not apply, and the state must defer to the federal order of the bankruptcy court directing immediate surrender of the premises. Moreover, the record establishes that the Georges had notice of and opportunity to be heard in the bankruptcy proceeding sufficient to satisfy state and federal due process.

Contrary to the Georges' assertion, the bankruptcy court did not require use of state law to evict the Georges. Certain interim orders and statements by the bankruptcy court refer to the use of state procedures, but the Order relies on federal law and directs the immediate surrender of the leased premises pursuant to the bankruptcy court's writ of possession.

The Order was a final order of the bankruptcy court. Full faith and credit must be given to final bankruptcy court orders. (*Levy v. Cohen* (1977) 19 Cal.3d 165, 172-173 [137 Cal.Rptr. 162, 561 P.2d 252].) The bankruptcy court did not exceed its jurisdiction. The Order was within the original and exclusive jurisdiction of the bankruptcy court. (28 U.S.C. § 1334(a); 28 U.S.C. § 157(b)(2)(A); 11 U.S.C. § 365(d)(4).)

The Order concerns the rejection of the subject lease under an established bankruptcy procedure, which we review to clarify the events in the bankruptcy court from which this case arose. ██ A bankruptcy trustee or debtor in possession may assume or reject executory contracts and unexpired leases of the debtor. (11 U.S.C. § 365; see also 11 U.S.C. § 1107(a).) The statute is intended to allow a trustee to assume contracts and leases that benefit the estate while rejecting those which do not. (See *In re Chateaugay Corp.* (2d Cir. 1993) 10 F.3d 944.) Different subdivisions of section 365 cover different contract and lease situations.

██ The Order states that the bankrupts' lease was deemed rejected under 11 United States Code section 365(d)(4). This subdivision provides that "if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief . . . , then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor." (*Ibid.*)

Federal courts have grappled with the question of whether 11 United States Code section 365(d)(4) permits the bankruptcy court to compel surrender of possession after rejection of a lease, or only permits a lessor to obtain relief from the automatic stay to pursue eviction through state landlord-tenant law. The majority rule, followed by the Ninth Circuit, is that the bankruptcy court itself may issue orders to effect a surrender of possession by the bankrupt lessee without recourse to state law. (*In re LCO Enterprises* (9th Cir. 1993) 12 F.3d 938; *In re Elm Inn, Inc.* (9th Cir. 1991) 942 F.2d 630; contra, *In re Re-Trac Corp.* (Bankr. D.Minn. 1986) 59 B.R. 251.) As stated in *In re Elm Inn*, " 'the language and legislative history of section 365(d)(4) demonstrate that Congress did not intend for creditors to pursue state-law remedies and that requiring creditors to pursue such remedies would frustrate the statute's purpose.' " (942 F.2d at p. 634, quoting *In re U.S. Fax, Inc.* (Bankr. E.D.Pa. 1990) 114 B.R. 70, 73.)

The Georges contend that, even if the bankruptcy court may compel surrender of leased premises by the bankrupt, it does not follow that the bankruptcy court may compel surrender by third persons claiming an interest in the lease—namely, themselves. This question has also been considered by the federal courts with different results, but Ninth Circuit cases interpret 11 United States Code section 365(d)(4) as permitting an immediate surrender order to extend to certain third persons and support the Order in this case.

Some federal circuits treat a lease rejection as a breach of the lease which does not adjudicate rights of third parties. (*Matter of Austin Development Co.* (5th Cir. 1994) 19 F.3d 1077, 1082; *In re Modern Textile, Inc.* (8th Cir. 1990) 900 F.2d 1184, 1191; *Leasing Serv. Corp. v. First Tenn. Bank Nat. Ass'n* (6th Cir. 1987) 826 F.2d 434, 436-437.) Ninth Circuit cases, however, take the position that an immediate surrender order extinguishes the lease entirely and may terminate the rights of third parties which arise from the interest of the bankrupt. (*In re McSheridan* (B.A.P. 9th Cir. 1995) 184 B.R. 91, 102; *In re LCO Enterprises, supra,* 12 F.3d at p. 941; *In re Elm Inn, Inc., supra,* 942 F.2d at pp. 633-635; *Sea Harvest Corp. v. Riviera Land Co.* (9th Cir. 1989) 868 F.2d 1077, 1080-1081.) The Order follows the Ninth Circuit decisions ordering the immediate surrender of the premises by any person who claimed under or through the bankrupts and "anyone claiming possession under or through them," including the Georges.[1]

In addition, the record does not show any violation of the Georges' due process rights. First, as stated in the Order, the Georges had notice of the bankruptcy proceeding, and two of the Georges even attended the hearing which preceded the Order. Second, a City motion for summary judgment in an unlawful detainer case filed against two of the Georges was granted on July 10, 1996. The City relied on the Order and writ of possession, not this summary judgment order, to obtain possession of the premises. Nevertheless, a state court adjudication that two of the Georges had no interest in the lease was made before the Sheriff completed execution of the Order and writ of possession.

Moreover, based on their own contentions, the interests of all three Georges arose from an agreement to form a family joint venture consisting of the bankrupts and the Georges. ■ Notice to one partner constitutes notice to the partnership and all its partners. (*Bedolla v. Logan & Frazer* (1975) 52 Cal.App.3d 118, 128 [125 Cal.Rptr. 59]; Corp. Code, § 16102.) ■ Therefore, notice to the bankrupts constitutes notice to the Georges. Furthermore, the bankrupts represented the interests of the Georges, their

---

[1]The Order expressly names two of the three Georges but, as discussed *post,* the position and interest of the third George (John) is the same. John does not contend otherwise.

partners, in the bankruptcy hearings. The bankrupts claimed that the Georges had an interest in the lease and that the bankruptcy court lacked jurisdiction to adjudicate their rights in the premises. The Georges cannot claim that they were denied an opportunity to be heard in the bankruptcy court.

Returning to the specific issue before this court, the Georges contend that the Sheriff has liability since the Sheriff executed a writ of possession which named the bankrupts alone as judgment debtors. However, Code of Civil Procedure section 262.1 immunizes the Sheriff from liability for executing "process and orders" which are regular on their face. In this case, both the Order and the writ of possession were delivered to the Sheriff for execution. The Order expressly ordered surrender of the premises by the Georges and stated that the Sheriff could execute the writ issued pursuant to the Order. Therefore, the Order was part of the "process and orders" being executed by the Sheriff and was "regular on [its] face" as to the Georges. The bankrupts were the only judgment debtors, but it would elevate form over substance to limit the Sheriff to the bankrupts when the Sheriff was, in effect, executing "process and orders" which included the Order.

Relying on *Arrieta v. Mahon* (1982) 31 Cal.3d 381 [182 Cal.Rptr. 770, 644 P.2d 1249], the Georges argue that the Sheriff is liable since he did not follow procedures required by *Arrieta* in state unlawful detainer cases. As we have concluded, state unlawful detainer law does not apply to this case. Nevertheless, the record shows that the Sheriff, acting as a ministerial officer, followed procedures required by *Arrieta*. *Arrieta* holds that a person not named in a writ of possession is entitled to a pre-eviction hearing if he or she claims a right to possession. After *Arrieta*, the Legislature enacted statutory procedures for the presentation of claims of right to possession. (Code Civ. Proc., §§ 415.46, 1174.25, 1174.3, subd. (b).) Under these procedures, an occupant of property may present a claim of right to possession to the levying officer. If a claim is presented, the levying officer "shall forthwith . . . stop the eviction of occupants at the premises, and . . . deliver the original completed claim of right to possession to the court issuing the writ of possession of real property." (Code Civ. Proc., § 1174.3, subd. (b).) This is precisely what the Sheriff did when the Georges presented him with their claims. The Sheriff stopped the eviction and brought the claims to the court that issued the writ of possession, the bankruptcy court, and did not proceed until the bankruptcy court refused to accept the claims. The Sheriff did not make the decision to reject the claims. The Sheriff deferred to the court that issued the Order and writ of possession. Under Code of Civil Procedure section 262.1, the Sheriff had no authority to do otherwise and was justified in completing the execution of the Order and writ of possession.

In conclusion, the Sheriff executed an order and writ of possession to evict the Georges from a lease deemed rejected by the federal bankruptcy court under applicable bankruptcy law. The Sheriff has no liability since the Order and writ were regular on their face and issued by a court with competent jurisdiction, and because the Georges were not deprived of due process rights through any action taken by the Sheriff.

The judgment is affirmed. Respondents are awarded their costs.

Gilbert, P. J., and Yegan, J., concurred.

A petition for a rehearing was denied March 23, 2000, and appellants' petition for review by the Supreme Court was denied June 28, 2000.