Filed 12/3/14

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| KATHLEEN LYONS, | 2d Civil No. B256041 |
| | (Super. Ct. No. 1439374) |
| Plaintiff and Appellant, | (Santa Barbara County) |
| v. | |
| SANTA BARBARA COUNTY SHERIFF'S OFFICE et al., | |
| Defendants and Respondents. | |

Kathleen Lyons brings a misguided taxpayer's suit against respondents, Santa Barbara County Sheriff's Office, Sheriff Bill Brown, Santa Barbara County Clerk Recorder's Office, County Clerk/Recorder Joseph E. Holland, and county clerk/recorder employees Melinda Greene and Mary Rose Bryson. Appellant theorizes these entities and individuals unlawfully participated in a nonjudicial foreclosure and eviction process. The complaint sounds in the nature of a wrongful foreclosure action. It is brought under the guise of Code of Civil Procedure section 526a to collaterally attack the trustee's sale and unlawful detainer judgment.[1] The trial court sustained a demurrer without leave to amend and dismissed the matter. We affirm the judgment.

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise stated. Section 526a provides in pertinent part: "An action to obtain a judgment, restraining and preventing any illegal expenditure of, waste of, or injury to, the estate, funds, or other property of a county . . . may be maintained against any officer thereof, or any agent, or other person, acting in its behalf, either by a citizen resident therein, or by a corporation, who is assessed for and is liable to pay, or within one year before the commencement of the action, has paid, a tax therein."

Appellant's condominium was sold at a trustee's sale after she defaulted on a $502,500 note secured by a deed of trust. Following the sale, a writ of possession issued in an unlawful detainer action and appellant was evicted. She then filed the instant action alleging that fraudulent mortgage documents were recorded to foreclose on the property. The complaint states that the mortgage documents were recorded and judicially noticed in the unlawful detainer proceeding "to procure a claim of 'perfected' title by a lender" and that eviction documents were wrongfully issued and executed by the sheriff.

The trial court sustained the demurrer stating that appellant has "no lawsuit against the sheriff and against the county [recorder's] office because the [recorder's] office is under a mandatory duty to accept the paperwork that's filed with it. It has no independent duty to determine whether or not that paperwork is fraudulent. Moreover, when the sheriff serves a writ of execution that's by order of the court. The sheriff has no discretion to refuse to serve that order." As we shall explain, the trial court's rationale is, without any doubt, correct. This appeal, and the similar spate of appeals in the Santa Barbara foreclosure cases, are frivolous. In the exercise of our discretion, we elect not to impose sanctions against appellant.

*Taxpayer Form of Action*

We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) Section 526a permits a taxpayer action to enjoin illegal governmental activity or the illegal expenditure or waste of public funds. (*Van Atta v. Scott* (1980) 27 Cal.3d 424, 449; see *Blair v. Pitchess* (1971) 5 Cal.3d 258, 268 [taxpayer suit to enjoin sheriff from expending public funds to enforce unconstitutional claim and delivery law].) A taxpayer action does not lie where the challenged governmental conduct is legal. (*Coshow v. City of Escondino* (2005) 132 Cal.App.4th 687, 714; *Lucas v. Santa Maria Public Airport Dist.* (1995) 39 Cal.App.4th 1017, 1027.)

Here the complaint is a misguided section 526a collateral attack on the unlawful detainer judgment. (4 Witkin, Cal. Procedure (3d ed. 2008) Pleading, § 169, p. 235; *Gould v. People* (1976) 56 Cal.App.3d 909, 921-923.) Appellant is precluded from bringing a taxpayer action to set aside the trustee's sale. (*Smith v. Allen* (1968) 68 Cal.2d 93, 96 [properly conducted foreclosure sale is a final adjudication of the rights of borrower and lender].) But

2

that is what the complaint prays for, i.e. an order declaring the writ of execution null and void and a judgment restoring the property to appellant. It prays for an injunction enjoining respondents from recording, issuing, maintaining, and disseminating fraudulent title documents that "unlawfully encumbered the title rights of Plaintiff" and "have already been used to oust Plaintiff from her home without due process of law."

The trial court correctly ruled that a taxpayer's action may not be maintained where the challenged government conduct is legal. (*Humane Soc. of the United States v. State Board of Equalization* (2007) 152 Cal.App.4th 349, 361.) "Conduct in accordance with regulatory [or statutory] standards 'is a perfectly legal activity' " and beyond the scope of a section 526a. (*Coshow v. City of Escondino, supra,* 132 Cal.App.4th at p. 714.)

*Sheriff and Recorder Duties*

Section 712.010 provides: "After entry of a judgment for possession or sale of property, a writ of possession or sale shall be issued by the clerk of the court upon application of the judgment creditor and shall be directed to the levying officer in the county where the judgment is to be enforced." The clerk of the court has a ministerial duty to issue the writ of possession. Once the writ of execution issues, the sheriff is statutorily required to levy on it. (§ 712.030, subd. (a).) The levying officer is immune from liability in the execution of "all process and orders regular on their face and issued by competent authority, whatever may the defect in the proceedings upon which they were issued." (§ 262.1; see *George v. County of San Luis Obispo* (2000) 78 Cal.App.4th 1048, 1054-1055 [sheriff immune from liability for wrongful eviction when acting under order and writ of possession issued by bankruptcy court].) The sheriff is not required to conduct a fraud investigation before obeying a court order to evict a person from real property.

Appellant's objection to the recordation of the foreclosure documents is without merit. The county recorder was required, as a matter of law, to record the documents when presented. Government Code section 27201, subdivision (a) provides: "The recorder shall, upon payment of proper fees and taxes, accept for recordation any instrument, paper, or notice that is authorized or required by statute, or court order to be recorded . . . . The county recorder shall not refuse to record any instrument, paper, or notice that is authorized or required by statute, or court order to be recorded on the basis of its lack of legal sufficiency."

3

(See e.g., *Jackson v. County of Amador* (2010) 186 Cal.App.4th 514, 520-522 [county recorder did not violate law by recording a durable power of attorney and quitclaim deeds that were allegedly fraudulently procured].) The county recorder is not required to conduct a fraud investigation before recording documents that are valid on their face.

*Nonjudicial Foreclosure Is Not State Action*

Appellant alleges that Civil Code section 2924, which authorizes nonjudicial foreclosures, violates the due process clause, appellant's equal protection rights and is a violation of the takings clause under the federal constitution. The complaint fails because a nonjudicial foreclosure is not state action or subject to the due process clauses of the federal and state constitutions. (*I.E. Associates v. Safeco Title Ins. Co.* (1985) 39 Cal.3d 281, 287; *Garfinkle v. Superior Court* (1978) 21 Cal.3d 268, 280-282 (*Garfinkle*).) In *Garfinkle,* our State Supreme Court held that the power of sale arises from contract (the mortgage or deed of trust provisions), and that the regulation of trustee's sales is designed to restrict creditor behavior. (*Id.*, at pp. 278-279.) The ministerial role of the county recorder in a trustee's sale is not state action. (*Id.*, at p. 280.) "The fact that a purchaser who has acquired rights by virtue of a trustee's deed, like a party who has acquired rights under any other type of contract, may have a right to resort to the courts in order to enforce such previously acquired contractual rights when that becomes necessary, is not sufficient to convert the acts creating these contractual rights into state action. For us to hold otherwise, would be to subject every private contract to review under the Fourteenth Amendment. [Citation.]." (*Ibid.*)

California's statutory regulation of nonjudicial foreclosures does not convert the actor's conduct, i.e., the foreclosing lender, into state action. (See *Jackson v. Metropolitan Edison Co.* (1974) 419 U.S. 345, 357 [42 L.Ed.2d 477, 487-488]; *Homestead Savings v. Darmiento* (1991) 230 Cal.App.3d 424, 428-429 [Civil Code section 2924 does not violate debtor's due process rights].) "The decision whether to exercise the power of sale is a determination to be made by the creditor. The statutes [i.e., Civil Code section 2924] merely restrict and regulate the exercise of the power of sale once a choice has been made by the creditor to foreclosure the deed of trust in that manner." (*Garfinkle*, *supra,* 21 Cal.3d at pp. 278-279; see also *U.S. Hertz, Inc. v. Niobrara Farms* (1974) 41 Cal.App.3d 68, 87.)

4

*Post-Foreclosure Action to Obtain Writ of Possession*

Appellant contends that Civil Code section 2924, subdivision (a) requires that the trustee obtain a court order or judgment *before the trustee's sale* and that such an order/judgment is a prerequisite to an unlawful detainer action. This misstates the law. Section 2924, subdivision (a) provides that a power of sale may not be exercised until the trustee, mortgagee or beneficiary records a notice of default as specified by law. Excepted from the notice of default procedure, are mortgages or transfers "made pursuant to an order, judgment or decree of a court of record. . . ." (Civ. Code, § 2924, (subd. (a); see 27 Cal. Jur.3d. (2011) Deeds of Trust § 268, p. 304.) For example, an equitable mortgage or mortgage without a power of sale can only be foreclosed by judicial action. (4 Miller & Starr, Cal. Real Estate, *supra,* § 10.1, p. 10-18.) Appellant's deed of trust, however, grants the trustee a power of sale.

Where the trustor holds over after the trustee's sale, an unlawful detainer action must be brought to evict the trustor (§ 1161a, subd. (b)(3)). The purchaser must show that he/she acquired the property at a regularly conducted sale in accordance with Civil Code section 2924 "and that title under such sale was duly perfected. [Citation.]" (*Stephens, Partain & Cunningham v. Hollis* (1987) 196 Cal.App.3d 948, 953; see also *Evans v. Superior Court* (1977) 67 Cal.App.3d 162, 169 [unlawful detainer action by subsequent purchaser].) The allegation that section 2924, subdivision (a) is not being enforced in post-foreclosure unlawful detainer actions does not state a cause of action. (4 Witkin, Cal. Procedure, *supra,* Pleading, § 169, p. 235.) "Neither section 526a nor the common law provides a basis for suits by collateral parties to determine the correctness of a judge's action in a particular case because to do so would violate the state Constitution. [Citation.] To hold otherwise, would create the absurd and chaotic situation where an officious and irate stranger to any action with a personal ax to grind could file a collateral action against a judge under the guise of a taxpayer's suit contesting the outcome of any civil or criminal action in which he believed the trial court ruled erroneously." (*Gould v. People, supra,* 56 Cal.App.3d at p. 922, fn. omitted.)

*Conclusion*

Appellant's remaining arguments have been considered and merit no further discussion.  The trial court sustained the demurrer stating,  "you're suing the wrong people." We agree.

The judgment is affirmed.  Costs to respondents.

CERTIFIED FOR PUBLICATION.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

6

James E. Herman , Judge

Superior Court County of Santa Barbara

_____

Kathleen Lyons, in pro per, Appellant.


Michael C. Ghizzoni, County Counsel, County of Santa Barbara and Lisa A. Rothstein, Senior Deputy, for Respondents.