Filed 3/23/15

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| F. WOOD BOYCE, | 2d Civil No. B255958 |
| Plaintiff and Appellant, | (Super. Ct. No. 1438504) |
| | (Santa Barbara County) |
| v. | |
| T.D. SERVICE COMPANY et al., | |
| Defendants and Respondents. | |

"There are no free houses."  These are the words of the bankruptcy judge who allowed the instant home foreclosure to go forward.  It rejected appellant's theory of "wrongful foreclosure."  Thereafter, the same theory was rejected in an unlawful detainer proceeding.  Undeterred, appellant F. Wood Boyce sued his lender for "wrongful foreclosure" because the $1.155 million deed of trust was placed in a mortgage investment pool before the foreclosure.  Appellant also sued the transferees/assignees to the promissory note and deed of trust, the foreclosure trustee and company that processed the foreclosure documents, and the person who purchased the property.

The trial court ruled that the action was subject to a res judicata/collateral estoppel bar and sustained, without leave to amend, demurrers to the First Amended Complaint.  We affirm.  The doctrine of res judicata, of which collateral estoppel is a part, encompasses both claim preclusion and issue preclusion.  (*Mycogen Corp. v Monsanto Co.* (2002) 28 Cal.4th 888, 896-897, fn. 7.)  "The best way of remembering these doctrines clearly is to view collateral estoppel as a miniature of res judicata; the former applies to issues, the later to entire claims or lawsuits."  (Garner, A Dictionary of Modern Legal Usage (1995 2d ed.) p. 169.)

*Facts and Procedural History*

On December 5, 2006, appellant and his wife signed a $1.155 million promissory note payable to Pacific Mortgage Group (Pacific Mortgage), secured by a deed of trust on their house at 3500 La Entrada Road, Santa Barbara. The note states: "I understand that the Lender may transfer this Note."

The same day the note was executed, Pacific Mortgage endorsed the note via an "Allonge to Note" (allonge means an attachment to a negotiable instrument) to Option One Mortgage Corporation (Option One). Option One endorsed the note in blank (the second allonge) and put it in an mortgage investment pool called the Option One Mortgage Loan Trust 2007-2, Asset -Backed Certificates, Series 2007-2 of which Wells Fargo Bank, NA (Wells Fargo) was the trustee.

Pacific Mortgage also assigned the deed of trust to Option One. On December 10, 2010, the deed of trust was assigned a second time by Sand Canyon Corporation (formerly known as Option One) to Wells Fargo.

Appellant honored his signature on the note and made payments for three and a half years. He stopped making the payments in July 2010. On December 14, 2010, a notice of default was recorded based on a $32,508.04 loan default.

*Chapter 11 Bankruptcy Petition*

Appellant filed an emergency bankruptcy petition on April 4, 2011 to stay the foreclosure. Appellant declared the house was worth $630,000 and that he owed $1,182,166.69 on the note. (*In re Frank Wood Boyce,* United States Bankruptcy Court, Central Dist. Calif., Case No. 9:11-bk-11564-RR.) Wells Fargo filed a Proof of Claim based on the note/deed of trust and a motion for relief from the automatic stay. Appellant filed an "Objection and Motion to Disallow Wells Fargo's Proof of Claim" and opposed the motion for relief from stay. The bankruptcy court conducted two hearings, inspected the original note and allonges, and factually found a "chain of control and title of the note, starting with the original payee, and then it was endorsed over to Option One, and then it was endorsed in blank, and is in the possession of counsel for Wells Fargo." The court rejected appellant's claim that the deed of trust assignment was invalid.

2

The bankruptcy court granted relief from the stay and denied appellant's Objection and Motion to Disallow Wells Fargo's Proof of Claim. Appellant appealed the order which was affirmed by the United States District Court, Central District of California. (*Frank W. Boyce v. Wells Fargo Bank, N.A.* (Case Nos. CV 12-1882-GHK, CV 12-2139-GHK.)

*Unlawful Detainer Action*

Wells Fargo purchased the property at the trustee's sale and brought an unlawful detainer action to evict appellant. (*Wells Fargo Bank, N.A. etc. v. F. Wood Boyce et al.,* Super. Court County of Santa Barbara Super. Court Case No. 1385249.) (See Code Civ. Proc., § 1161a, subd. (b)(3); *Lyons v. Santa Barbara County Sheriff's Office* (2014) 231 Cal.App.4th 1499 [where trustor holds over after trustee's sale, unlawful detainer action must be brought to evict trustor].) Appellant defended on the theory that the mortgage was invalid and claimed that Wells Fargo did not perfect title in the property. The trial court granted summary judgment for Wells Fargo which was affirmed by the Santa Barbara County Superior Court Appellate Division.

Wells Fargo sold the property to Dave Kerr. The grant deed was recorded October 7, 2013.

*The Present Action - Alleged "Wrongful Foreclosure"*

On October 22, 2013, appellant sued the following entities/persons: the lender (PMG Mortgage, INC. d/b/a/ Pacific MORTGAGEGROUP and Sandeep Bhasin), the loan servicer and assignee of the note and deed of trust (Homeward Residential Inc. f/k/a American Home Mortgage Servicing, Inc. f/k/a Option One Mortgage Corporation n/k/a Sand Canyon Corporation), the trustee of the Option One investment pool (Wells Fargo Bank, N.A.), the foreclosure trustee (Power Default Services, Inc.), the company that prepared and recorded the notice of default and notice of trustee's sale (T.D. Service Company), and the individual who purchased the property, Dave Kerr. The First Amended Complaint alleged causes of action for wrongful foreclosure, declaratory relief, violation of the Unfair Practices Act (Bus. & Prof. Code, § 17200), and quiet title.

3

The defendants filed demurrers and asked the court to take judicial notice of the bankruptcy orders and unlawful detainer judgment. In a 16 page order, the trial court sustained the demurrers without leave to amend. The court found that the wrongful foreclosure cause of action was subject to a res judicata/collateral estoppel bar and that the causes of action for quiet title, declaratory relief, and violation of the Unfair Practices Act were derivative of the wrongful foreclosure claim.

*Res Judicata*

On review, we treat the demurrer as admitting all material facts properly pleaded and consider those matters judicially noticed by the trial court. (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126. Appellant claims that the trial court abused its discretion in taking judicial notice of the bankruptcy and unlawful detainer orders, but on demurrer, a court may consider documents and recorded documents that are contrary to the allegations in the complaint. (*C. R. v. Tenet Healthcare Corp.* (2009) 169 Cal.App.4th 1094, 1102.) Although a court cannot take judicial notice of hearsay allegations in a court record, it can take judicial notice of the truth of facts asserted in documents such as orders, findings of fact and conclusions of law, and judgments. (*Day v. Sharp* (1975) 50 Cal.App.3d 904m 914l *Del E. Webb Corp. v. Structural Materials Co.* (1981) 123 Cal.App.3d 593, 604-605. The judgment will be affirmed "if there is any ground on which the demurrer can properly be sustained, whether or not the trial court relied on proper grounds or the defendant asserted a proper ground in the trial court proceedings. [Citation.]" (*Martin v. Bridgeport Community Assn., Inc.* (2009) 173 Cal.App.4th 1024, 1031.)

Res judicata precludes piecemeal litigation by splitting a single cause of action or relitigating the same primary right. (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 897.) "Under the doctrine of res judicata [claim preclusion], 'all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date.' [Citation.] [¶] A claim raised in a second suit is 'based on the same cause of action' as one asserted in a prior action if they are both premised on the same 'primary right.' [Citation.] 'The plaintiff's primary right is the right to be free from a particular injury, regardless of the legal theory on which liability for the injury is based.

4

[Citation.] ' " (*Estate of Dito* (2011) 198 Cal.App.4th 791, 801; see also *Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 797-798; *Acuna v. Regents of University of California* (1997) 56 Cal.App.4th 639, 648 [Pomeroy primary right theory].) It matters not that appellant's new counsel has additional facts or a new theory of wrongful foreclosure. It is the same primary right which appellant has always claimed.

Here, the alleged "wrongful foreclosure" claim was adjudicated in two prior actions. In the bankruptcy proceeding, the court overruled appellant's objections to Wells Fargo's proof of claim. The order/judgment was affirmed by the United States District Court which creates a res judicata bar. (*Siegel v. Federal Home Loan Mortg. Corp.* (9th Cir. 1998) 143 F.3d 525, 528-531 [bankruptcy court's disallowance of claim is a final judgment and the basis for res judicata]; *(In re Los Gatos Lodge, Inc.* (9th Cir. 2002) 278 F.3d 890, 894 [allowance/disallowance of a proof of claim is a final judgment for res judicata purposes]; *Nathanson v. Hecker* (2002) 99 Cal.App.4th 1158, 1163.1166.) Res judicata extends to Homeward Residential, Inc. and Option One who are in privity with Wells Fargo and have a substantial interest in the foreclosure. (See e.g., *Headwaters Inc. v. U.S. Forest Service* (9th Cir. 2004) 382 F.3d 1025, 1030-1031.)

The "wrongful foreclosure" claim was adjudicated a second time in the unlawful detainer action. There, the court found that the trustee's sale was conducted in accordance with the law and that title was duly perfected in Wells Fargo's name. (Code Civ. Proc., § 1161a, subd. (b)(3); see Friedman et al., Cal. Practice Guide, Landlord-Tenant (The Rutter Group 2013) ¶ 8:388, p. 8-140.) Affirming the judgment, the Santa Barbara County Superior Court Appellate Division concluded that the foreclosure sale was held in compliance with Civil Code section 2924 and that title was duly perfected. (*Wells Fargo Bank, N.A. etc. v. Frank Wood Boyce et al.*, Santa Barbara County Superior Court, Appellate Division, Case No. 1385249.)

The unlawful detainer judgment is final and creates a res judicata bar that extends to Wells Fargo, the subsequent purchaser of the property, Dave Kerr, and the defendants who prepared and recorded the foreclosure documents and conducted the foreclosure sale (T.D. Service Company and Power Default Services, Inc.). (See *Malkoskie*

5

*v. Option One Mortg. Corp.* (2010) 188 Cal.App.4th 968, 973-974; *Tahoe-Sierra Pres. Council Inc. v. Tahoe Reg.. Planning* (9th Cir. 2003) 322 F.3d 1064, 1077-1078 [res judicata applies where there is an identity of claims, a final judgment on the merits, and privity between parties]; *Clemmer v. Hartford Insurance Co.* (1978) 22 Cal.3d 865, 875 [res judicata "privity" refers to a mutual or successive relationship to the same rights of property]; *Vella v. Hudgins* (1977) 20 Cal.3d 251, 256 [subsequent fraud or quiet title founded upon allegations of irregularity in a trustee's sale may be barred by prior unlawful detainer judgment].) The trial court did not err in finding that the causes of action for declaratory relief, quiet title, and violation of the Unfair Practices Act are derivative of the wrongful foreclosure claim and subject to the same res judicata/collateral estoppel bar. (*Malkoski v. Option One Mortgage Corp.*, *supra,* 188 Cal.App.4th at pp. 973-974 [quiet title and related claims to set aside foreclosure and eviction barred by unlawful detainer judgment].)

Appellant argues that fraud "vitiates everything." We question the breadth of this statement. Extrinsic fraud may vitiate a judgment but that is not alleged. (*Lazzarone v. Bank of America* (1986) 181 Cal.App.3d 581, 595.) Respondent did not fraudulently prevent appellant from presenting the "wrongful foreclosure" claim in the unlawful detainer action or bankruptcy proceeding. (*Kulchar v. Kulchar* (1969) 1 Cal.3d 467, 471.) With respect to the defendants who recorded the foreclosure documents and conducted the trustee's sale (T.D. Service Company and Power Default Services, Inc.), the action is barred by Civil Code section 2924, subdivision (c) which provides that the mailing, publication, and delivery of foreclosure notices are privileged communications within the meaning of Civil Code section 47. The statutory privilege bars all tort claims except claims for malicious prosecution. (*Kachlon v. Markowitz* (2008) 168 Cal.App.4th 316, 333-334; *Champlaie v. BAC Home Loans Servicing, LP* (E.D. Cal. 2009) 706 F.Supp.2d 1029, 1062.*)*

### *Glaski - Standing to Sue*

The trial court sustained the demurrers on the alternative theory that appellant lacked standing to challenge the assignments of the note and deed of trust. Appellant argues that Pacific Mortgage Group did not exist when the loan originated, and because there was

no lender, the note and deed of trust are void.  The First Amended Complaint, however, includes exhibits that show that PMG Mortgage Inc. was an active California corporation doing business under the name PMG Mortgage.  Where an exhibit attached to the complaint contradicts facts expressly pleaded, the exhibit is given precedence on demurrer.  (*Duncan v. McCaffrey Group, Inc.* (2011) 200 Cal.App.4th 346. 360.)

Citing *Glaski v. Bank of America, N.A.* (2013) 218 Cal.App.4th 1079, (*Glaski*) appellant claims that the first assignment of the note and deed of trust (Pacific Mortgage Group to Option One) and the second assignment (Option One to Wells Fargo) are void because the assignments were made after the mortgage investment pool closed.  Appellant asserts that the *Glaski* claim is not subject to demurrer because our Supreme Court granted review in three wrongful foreclosure cases that declined to follow *Glaski*.   (*Yvanova v. New Century Mortgage Corp.* (2014) formerly 226 Cal.App.4th 495, review granted Aug. 27, 2014, S218973; *Keshtgar v U.S. Bank, N.A.* (2014) formerly 226 Cal.App.4th 1201 (reviewed granted Oct. 1, 2014, S220012), and *Mendoza v. JPMorgan Chase Bank* (2014) formerly 228 Cal.App.4th 1020, review granted Nov. 12, 2014, S220675.)

In *Glaski* the mortgage investment pool was formed under a New York statute that, according to the court, rendered the loan assignment "void" because the deed of trust was assigned after the investment pool closed.  (*Glaski, supra,* 218 Cal.App.4th at p. 1096.) Based on the New York statute, the court opined that the borrower/plaintiff could sue for wrongful foreclosure. (*Id.*, at pp. 1096-1097.)  Other courts have criticized *Glaski* as inconsistent with California's foreclosure jurisprudence.  (*In re Sandi*  (Bank. N.D.Cal. 2013) 501 B.R. 369, 274-375 [explaining how *Glaski* unpersuasively departs from California jurisprudence];  *Rajamin v. Deutsch Bank Nat. Trust. Co.* (2nd. Cir. 2014) 757 F.3d 79, 90 [rejecting *Glaski* as inconsistent with New York and other court's interpretations of  New York law]; *Siliga v. Mortgage Electronic Registration Systems, Inc.* (2013) 219 Cal.App.4th 75 [rejecting *Glaski*; borrower has no standing to challenge assignment of deed of trust; *Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497 [same].)

Notwithstanding *Glaski,* we reject the argument that the assignment of the $1.155 million note and deed of trust to a mortgage investment pool is a "get out of debt"

7

card for appellant. "Because a promissory note is a negotiable instrument, a borrower must anticipate it can and might be transferred to another creditor. As to [appellant], an assignment merely substituted one creditor for another, without changing [his]/her obligations on the note." (*Herrera v. Federal National Mortgage Assn.* (2012) 205 Cal.App.4th 1495, 1507.) Appellant argues that the transfer of the note and deed of trust from PMG Mortgage to Option One, and from Option One to Wells Fargo were improper. Even if he is correct, "the relevant parties to such a transaction were the holders (transferors) of the promissory note and the third party acquirers (transferees) of the note." (*Jenkins v. JPMorgan Chase Bank, N.A., supra,* 216 Cal.App.4th at p. 515.) Appellant is not the victim because his loan obligation remained unchanged. "Instead, the true victim may be an individual or entity that believes it has a present beneficial interest in the promissory note and may suffer the unauthorized loss of its interest in the note. It is also possible to imagine one or many invalid transfers of the promissory note may cause a string of civil lawsuits between transferors and transferees." (*Ibid.*) But appellant "may not assume the theoretical claims of hypothetical transferors and transferees for the purposes of showing a 'controversy or concrete actuality.' [Citation.]" (*Ibid.*)

Even if appellant had standing to sue for "wrongful foreclosure," he is precluded from litigating the issue a third time around. None of the *Glaski* cases pending before the California Supreme Court (*Keshtgar v. U.S. Bank, N.A., supra,* formerly 226 Cal.App.4th 1201 [a preemptive action to forestall foreclosure]; *Yvanova v. New Century Mortgage Corp., supra, formerly* 226 Cal.App.4th 495 [post-foreclosure action for quiet title and declaratory relief]); *Mendoza v. JPMorgan Chase Bank, supra, formerly* 228 Cal.App.4th 1020 [same]) involve a res judicata/collateral estoppel bar. Appellant had his day in court in the bankruptcy proceeding and another day in court in the unlawful detainer action. "Somewhere along the line, litigation must cease." (*In re Marriage of Crook* (1992) 2 Cal.App.4th 1606, 1613.)

*Conclusion*

There is one constant theme in most, if not all, "wrongful foreclosure" cases: failure to pay on the note secured by a deed of trust. The instant case is no exception. We

8

will not erase appellant's signature from the note. He expressly agreed that the note could be sold. It was sold consistent with statutory and decisional law.

Appellant lost in the bankruptcy court. He lost in United States District Court. He lost in the unlawful detainer court. He lost in the Appellate Department of the Superior Court. He lost in Superior Court. He now loses here. As the late eminent federal appellate jurist Rugierro Aldisert would say, "Basta," which translates from Italian to English as, Enough! (United States v Desmond (1982) 670 Fed. 2nd 414, 420)

The judgment is affirmed. Costs to respondents.

CERTIFIED FOR PUBLICATION


                                        YEGAN, J.

We concur:


GILBERT, P. J.


PERREN, J.

9

Thomas P. Anderle, Judge

Superior Court County of Santa Barbara

_____

Ronald H. Freshman, for Plaintiff and Appellant.

Lawrence J. Dreyfuss; The Dreyfuss Firm, for T. D. Service Company, Defendant and Respondent.

Lisa Edgar-Dickman for PMG Mortgage Inc., dba Pacific Mortgage Group and Sandeep Bhasin, Defendants and Respondents.

Shulman Bunn; Stephanie J Shulman and PDatricia Snyder for Dave Kerr, Defendant and Respondent.

Nina Huerta; Locke Lord for Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2007-2, Asset Backed Certificates, Series 2007-2; Homeward Residential, Inc., and Power Default Services,, Inc., Defendants and Respondents.