**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ERWIN L. PARKER et al., | B256984 |
| Plaintiffs and Appellants, | |
| v. | (Los Angeles County Super. Ct. No. VC063752) |
| LOS ANGELES COUNTY REGISTRAR-RECORDER/COUNTY CLERK et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court for Los Angeles County, Margaret M. Bernal, Judge.  Affirmed.

Erwin L. Parker and Deborah Brown Parker, in pro. per., for Plaintiffs and Appellants.

Anglin Flewilling Rasmussen Campbell & Trytten and Robert A. Bailey for Defendant and Respondent Wells Fargo Bank, N.A.

Mark J. Saladino, County Counsel, and Laura T. Jacobson, Associate County Counsel, for Defendants and Respondents Los Angeles County Registrar-Recorder/County Clerk and Los Angeles County Sheriff's Department.

Plaintiffs Edwin L. Parker and Debora Brown Parker (the Parkers) filed a taxpayer's lawsuit against defendants Los Angeles County Registrar-Recorder/County Clerk (Recorder), Los Angeles County Sheriff's Department[1] (Sheriff), Wells Fargo Home Mortgage, Inc., aka Wells Fargo Bank, N.A. (Wells Fargo), and Cal-Western Reconveyance, LLC (Cal-Western), essentially seeking to stop a nonjudicial foreclosure on their property by enjoining Recorder from recording or maintaining various documents related to their mortgage and the foreclosure, and by enjoining Sheriff from executing a writ of possession issued after a trustee's sale, on the ground that the documents were fraudulent. The trial court sustained without leave to amend demurrers filed by Recorder, Sheriff, and Wells Fargo, and dismissed the lawsuit. We affirm.

## BACKGROUND

The Parkers' first amended complaint[2] alleges that Recorder allowed the filing and recording of the following documents, which the Parkers allege are fraudulent:

1.    Deed of Trust, filed and recorded on February 27, 2004, which lists Mortgage Electronic Registration Systems, Inc. (MERS) as a nominee and beneficiary for the lender and the lender's successors and assigns. The Parkers allege the document is fraudulent because MERS "did not come into existence in California until July 21, 2010."

2.    Substitution of Trustee and Full Reconveyance filed and recorded on February 15, 2006, which lists MERS as a current beneficiary under the Deed of

---

[1]    The Parkers misidentified the Los Angeles County Sheriff's Department, referring to it as the Los Angeles County Sheriff's Office.

[2]    The record on appeal does not include the original complaint.

Trust, and states that MERS substitutes ReconTrust Company as the new trustee. The Parkers allege that MERS "did not exist in California at this time making this transfer of beneficial interest in the Deed of Trust voidable."

3. Assignment of Deed of Trust, filed and recorded on February 15, 2006, in which Americorp Funding grants, assigns, and transfers all beneficial interest under the Deed of Trust to MERS. The Parkers allege that this document is invalid and fraudulent because MERS "is only a conduit used by the banks to tract [*sic*] the beneficial interest transfer in mortgages from one lender to the next," and MERS does not have the capacity to transfer or to accept a transfer of any rights, title, or beneficial interest in the Parkers' Deed of Trust or Note, according to MERS' procedure manual.

4. Substitution of Trustee, filed and recorded on October 12, 2010, which was executed by Wells Fargo and names Cal-Western as attorney-in-fact and new trustee. The Parkers allege the document is fraudulent and invalid for several reasons: (a) there was "no showing of a proper 'jurat' which is required for attorney in fact documents"; (b) "there should be no need to make Cal-Western an attorney in fact for the lender **if** the beneficial interest of the Deed of Trust is properly transferred by a legitimate transaction by the legitimate beneficiary under the Deed of Trust"; and (c) the hand writing in the notary's certification and the notary's signature appear to have been written by different people.

5. Notices of Trustee's Sale, dated December 8, 2010 and October 25, 2013, which the Parkers allege are invalid "due to the previous chain of fraudulent title documents recorded in the Office of the County Recorder."

In addition, the Parkers allege that Wells Fargo and Cal-Western conspired together to institute a foreclosure against their property using fraudulent documents, and that Sheriff will "effectuate the writ of possession and writ of eviction regardless of the rights and remedies of [the Parkers]." They allege that

3

"[u]nless enjoined by this court, [Recorder] and its officials will continue to house, maintain, record and disseminate fraudulent title documents against [the Parkers'] property and at some point [Sheriff] will effectuate the eviction of [the Parkers] based upon these same fraudulent documents, which constitutes an abuse of and/or a waste of the Defendants' time and waste of taxpayer funds to the injury of [the Parkers]." The Parkers seek declaratory relief and injunctive relief under Code of Civil Procedure[3] section 526a and Civil Code section 3368 to enjoin Recorder and Sheriff from "recording, housing, maintaining, and disseminating fraudulent title documents which [have] unlawfully encumbered the title rights of [the Parkers]," and to declare that "all proceedings pertaining to those acts of Defendants [are] null and void and set aside."

Recorder and Sheriff jointly filed a demurrer to the complaint. They argued that the complaint fails to state a cause of action against them because their duties are prescribed by law and do not include review of documents for legal sufficiency. It appears that Wells Fargo also filed a demurrer to the complaint, but it is not included in the record on appeal.

Before the hearing on the demurrers, the Parkers filed an ex parte application for a temporary restraining order to restrain Sheriff from evicting them. They argued that they are entitled to a hearing on the merits of their taxpayer lawsuit challenging Sheriff's use of taxpayer funds to unlawfully evict them without due process of law. The trial court found good cause did not exist, and denied the ex parte application.

The trial court subsequently held a hearing on the demurrers, and sustained them without leave to amend. The court found that neither Recorder nor Sheriff "has a legal duty to assess the veracity of a document or to determine the validity

---

[3]     Further undesignated statutory references are to the Code of Civil Procedure.

4

of the underlying claims." As to Wells Fargo, the court found that although Wells Fargo was named in the complaint, the Parkers do not seek any relief against it. Finally, the court noted that the instant action appears to be duplicative of other cases filed by the Parkers, and is an improper challenge to pending foreclosure proceedings.

The Parkers timely filed a notice of appeal.

## DISCUSSION

On appeal, the Parkers contend that the trial court erred by denying the application for a temporary restraining order and by sustaining Recorder and Sheriff's demurrer without leave to amend, and that, by sustaining the demurrer without leave to amend, the trial court violated their rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.[4] All of these contentions are premised upon the Parkers' assumption that Recorder and Sheriff can be enjoined under section 526a from filing and recording fraudulent documents related to mortgages and foreclosure proceedings or executing writs of possession or writs of eviction based upon those documents. We conclude that the Parkers' contentions have no merit because their underlying assumption is incorrect.

Division Six of this Appellate District recently addressed a similar lawsuit brought by a homeowner whose condominium was sold at a trustee's sale after she defaulted on a note secured by a deed of trust. (*Lyons v. Santa Barbara County Sheriff's Office* (2014) 231 Cal.App.4th 1499 (*Lyons*).) Although that lawsuit was

---

[4] The Parkers do not address Wells Fargo's demurrer in their appellants' opening brief, and did not designate for inclusion in the record on appeal any documents related to that demurrer. Nevertheless, Wells Fargo filed a respondent's brief, and contended the judgment in its favor must be affirmed in light of the Parkers' failure to address its demurrer. We agree.

5

brought after the trustee's sale was completed, while the instant lawsuit appears to have been brought after notice of the trustee's sale was given but before it took place, the legal issues are the same. In both lawsuits, the homeowners sought an order enjoining the county recorder from recording or maintaining fraudulent title documents that encumbered the title rights of the homeowners and declaring that the writs of possession issued after the trustee's sale are null and void and cannot be executed. (See *Lyons*, *supra*, 231 Cal.App.4th at p. 1503.)

As our Division Six colleagues explained in affirming the judgment after the trial court sustained the defendants' demurrer without leave to amend, "[s]ection 526a permits a taxpayer action to enjoin illegal governmental activity or the illegal expenditure or waste of public funds. [Citations.]" (*Lyons*, *supra*, 231 Cal.App.4th at pp. 1502-1503.) But "a taxpayer's action may not be maintained where the challenged government conduct is legal. [Citation.] 'Conduct in accordance with regulatory [or statutory] standards "is a perfectly legal activity"' and beyond the scope of section 526a. [Citation.]" (*Id.* at p. 1503.) The court held that the homeowner's taxpayer lawsuit could not be maintained because the county recorder was required under Government Code section 27201, subdivision (a),[5] to record documents when presented, and the sheriff is required under section

---

[5]     Government Code section 27201, subdivision (a) provides in relevant part: "The recorder shall, upon payment of proper fees and taxes, accept for recordation any instrument, paper, or notice that is authorized or required by statute, or court order to be recorded, or authorized or required to be recorded by a local ordinance that relates to the recordation of any instrument, paper, or notice that relates to real property, if the instrument, paper, or notice contains sufficient information to be indexed as provided by statute, meets recording requirements of state statutes and local ordinances, and is photographically reproducible. The county recorder shall not refuse to record any instrument, paper, or notice that is authorized or required by statute, court order, or local ordinance that relates to the recordation of any instrument, paper, or notice that relates to real property to be recorded on the basis of its lack of legal sufficiency."

712.030, subdivision (a),[6] to levy on a writ of possession issued by the clerk of the court following a trustee's sale. (*Id.* at pp. 1503-1504.) The court emphasized that neither the recorder nor the sheriff is required to conduct a fraud investigation before recording a document that is valid on its face or obeying a court order to evict a person from real property. (*Ibid.*)

We agree with the analysis in *Lyons*. Because Recorder was statutorily required to record the documents at issue in this case and Sheriff is statutorily required to execute any writ of possession that may be issued following the trustee's sale of the Parkers' property, a section 526a taxpayer action will not lie to enjoin Recorder from recording or maintaining those documents or to enjoin Sheriff from executing the writ of possession.

It is irrelevant that, as the Parkers argue in their opening brief on appeal, section 526a is a remedial statute that "confer[s] broad standing for taxpayers" to bring suit. The issue here is not the Parkers' standing to bring the action, but rather the absence of illegal activity by a governmental actor that may be enjoined under section 526a. Similarly, while the Parkers are correct that "[a] general demurrer to the complaint admits not only the contents of the instrument [set out in the complaint] but also any pleaded meaning to which the instrument is reasonably susceptible," and does not test the plaintiff's ability to prove the allegations of the complaint, those principles do not come into play here. Regardless whether the documents at issue were fraudulent, a section 526a action against Recorder and/or Sheriff cannot be maintained to enjoin them from carrying out their legal duties by recording the documents and/or executing the writ of possession.

---

[6] Section 712.030, subdivision (a) provides: "Upon delivery of the writ of possession or sale to the levying officer to whom the writ is directed, together with the written instructions of the judgment creditor, the levying officer shall execute the writ in the manner prescribed by law."

7

In their appellants' reply brief, the Parkers cite to *Blair v. Pitchess* (1971) 5 Cal.3d 258 (*Blair*) to argue that a section 526a action may be brought to challenge the "policy" that Recorder must record fraudulent documents and has no duty to ascertain the validity of documents submitted for recording. Their reliance on *Blair* is misplaced.

In *Blair*, certain Los Angeles County taxpayers brought an action against the county and its sheriff, marshal, and deputy sheriff, and the constable of the Malibu Justice Court, seeking an injunction to restrain the defendants from executing the provisions of the claim and delivery law. (*Blair*, *supra*, 5 Cal.3d at p. 265.) Under the claim and delivery law in effect at the time of the lawsuit, a plaintiff in an action to recover the possession of personal property could, any time before the defendant filed an answer to the plaintiff's complaint, require the sheriff, constable or marshal or the county to take the property at issue from the defendant. (*Ibid.*) The *Blair* plaintiffs set forth four causes of action, two of which survived demurrer. Those causes of action alleged that (1) the claim and delivery law violated the Fourth and Fourteenth Amendments to the United States Constitution and Article I, section 19 of the California Constitution because it purported to authorize the entry into and search of private premises and the seizure of personal property without the issuance of a warrant upon probable cause; and (2) the law violated the due process clause of the Fourteenth Amendment of the United States Constitution and Article I, section 13 of the California Constitution insofar as it authorized such entry and seizure without timely notice and an opportunity to be heard on the merits of the claim. (*Blair*, *supra*, 5 Cal.3d at pp. 265-266, fn. 3.) The plaintiffs contended that because the claim and delivery law was unconstitutional, the county officials were illegally expending county funds "by expending the time of county officials in executing its provisions." (*Id.* at p. 265.)

8

In contrast to *Blair*, where the plaintiffs sought to enjoin ministerial acts by county officials that were authorized under a law the plaintiffs alleged was unconstitutional, the Parkers allege the ministerial acts -- the recording of documents and execution of a writ of possession -- are unlawful because the *documents* are fraudulent and therefore unlawful. The Parkers admit as much when they state in their appellants' reply brief, "Appellants are hereby challenging the illegal and fraudulent documents submitted, and recorded against their property." A taxpayer lawsuit under section 526a is not a proper vehicle for such a challenge because the unlawful act, if any, is that of the person or entity who submitted the document for recording, rather than the government official who carried out his or her duty under the law.

Because the conduct by Recorder and Sheriff the Parkers seek to enjoin is not illegal, the trial court properly sustained the demurrer to the complaint without leave to amend. (*Lyons*, *supra*, 231 Cal.App.4th at pp. 1502-1503.) That ruling does not, as the Parkers contend in their appellants' opening brief, violate their rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Although it is not entirely clear, it appears the basis for this contention is that as a result of the dismissal of this lawsuit, the Parkers' property will be taken from them. But that "taking" will be the result of a nonjudicial foreclosure proceeding, not the dismissal of the lawsuit. Therefore, the dismissal of the Parkers' lawsuit, after the Parkers were given notice and an opportunity to be heard, does not violate the Parkers' constitutional rights.

9

**DISPOSITION**

The judgment is affirmed.  Recorder, Sheriff, and Wells Fargo shall recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

WILLHITE, J.

We concur:

EPSTEIN, P. J.

MANELLA, J.

10