Filed 06/30/16  Williams v. Phillips CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

**MICHAEL B. WILLIAMS,**

    **Plaintiff and Appellant,**

    **v.**

**DEBI PHILLIPS,**

    **Defendant and Respondent.**

_____/

**A146843**

**(Contra Costa County
Super. Ct. No. P0601270)**

Plaintiff Michael B. Williams is committed to Coalinga State Hospital (the Hospital) as a Sexually Violent Predator (SVP, Welf. & Inst. Code, § 6600 et seq.). Williams inherited money, and it was placed in his personal deposit fund (account) at the Hospital (Welf. & Inst. Code, § 7281).  The Hospital later withdrew money from the account as payment for the cost of Williams's care.  Williams sued the Hospital's trust and benefits officer, Debi Phillips, and others in federal court alleging, among other things, the withdrawal violated his rights to due process and equal protection under the federal Constitution.[1]  The district court dismissed the lawsuit.

_____

[1]    Unless noted, all further statutory references are to the Welfare and Institutions Code.  We grant respondent's unopposed motion for judicial notice of documents filed in *Williams v. Phillips, et al.,* United States District Court, Eastern District of California, case number 1:11-CV-00456-GBC (federal lawsuit).  (Evid. Code, § 452, subd. (a).)

Williams filed a motion in superior court to compel the Hospital and Phillips to comply with a probate court distribution order. The trial court denied the motion. Williams appeals in propria persona, contending: (1) the Hospital may not withdraw money from his account; (2) the withdrawal violated his right to equal protection under the state Constitution; and (3) the denial of his motion contravenes *In re Jerald C.* (1984) 36 Cal.3d 1 (*Jerald C.*). We disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Williams, a SVP, is a patient at the Hospital. In 2008, Williams inherited $15,587 from his father's estate, and — pursuant to the probate court's September 2, 2008 final distribution order (distribution order) — the money was placed in Williams's account at the Hospital. In 2010, the Hospital notified Williams it intended to withdraw $10,525 from the account pursuant to section 7281 for the cost of his care and treatment.[2] Williams's administrative appeal was denied, and the Hospital withdrew $10,525 from his account.

*Federal Lawsuit*

Williams filed the federal lawsuit in propria persona. The operative first amended complaint alleged the withdrawal violated the due process, equal protection, and takings clauses of the federal Constitution. The complaint also alleged the withdrawal violated the "no contest" clause in Williams's father's will, and that Williams was entitled to interest on the money in the account. The district court dismissed the complaint without leave to amend. It determined: (1) there was no due process violation because Williams received notice of the intended withdrawal and neither due process nor section 7281 required the Hospital to obtain his consent before withdrawing money from the account; (2) there was no equal protection violation because Williams was not similarly situated to a patients receiving Social Security benefits; (3) there was no takings clause violation because section 7281 authorized the Hospital to use amounts over $500 in the account for

---

[2] Pursuant to section 7281, whenever the sum of money in a patient's "personal deposit fund" exceeds $500, "the excess may be applied to the payment of the care, support, maintenance and medical attention of the patient. . . ."

the cost of Williams's care; (4) Williams could not state a claim for deprivation of interest because his inheritance was not placed in an interest-bearing account; and (5) the withdrawal did not violate the no contest clause in Williams's father's will. The Ninth Circuit Court of Appeals affirmed. (*Williams v. Philips* (Aug. 2, 2013), 536 Fed.Appx.704, case No. 12-15956.)

*Motion to Compel Compliance with the Distribution Order*

After the federal lawsuit was dismissed, Williams filed a motion in superior court in propria persona to compel Phillips and the Hospital to comply with the distribution order. Williams alleged: (1) California Code of Regulations, title 22, section 71555 preempted section 7281; and (2) section 7281 violates the equal protection clause of the California Constitution. Williams sought declaratory and injunctive relief, and monetary sanctions against Phillips. The Hospital opposed the motion. It argued an order to compel was unnecessary because it complied with the distribution order by depositing Williams's inheritance in his account. The Hospital also contended the withdrawal did not violate the distribution order. Following a hearing, the court denied the motion, concluding Williams had "misconstrue[d] the effect" of the distribution order, which "confirmed the nature of the bequest[.]"

DISCUSSION

Williams challenges the denial of his motion to compel compliance with the distribution order on several grounds.[3] First, Williams claims the Hospital may not withdraw money he inherited from his account. We disagree. Section 7281 authorizes the Hospital to withdraw sums over $500 "belonging to [the] patient" from the patient's account; the statute makes no exception for inherited money. (See § 7281 ["[a]ny funds . . . . belonging to any patient in that institution"].) Before withdrawing the money, the Hospital gave Williams notice of the intended withdrawal, satisfying due process requirements. (See *Crawford v. Gould* (9th Cir. 1995) 56 F.3d 1162, 1165.)

---

[3] The parties disagree on the standard of review. We need not resolve the dispute because we would reach the same result applying either the abuse of discretion or de novo standard of review.

3

Williams's reliance on *Department of Mental Hygiene v. Bank of America* (1970) 3 Cal.App.3d 949 (*Department*) does not alter our conclusion. That case concerned whether a parent's estate must pay for the care of a developmentally disabled adult relative in a state institution; to resolve the issue, the appellate court analyzed former section 6650. (*Department, supra*, at pp. 950-951.) *Department* has no application here because Williams is not a developmentally disabled adult housed at a state hospital; he is a SVP and section 7281 authorizes the Hospital to withdraw money from his account to pay for the cost of his care. California Code of Regulations, title 22, section 71555 — which concerns rules for safeguarding of psychiatric patients' money — does not preempt or conflict with section 7281.

Next, Williams contends the withdrawal violated his right to equal protection under the state Constitution. The federal court rejected Williams's claim that the withdrawal violated the federal constitution, and we reach a similar result. (See federal lawsuit, *supra,* at pp. 5-7.) Williams has not established an equal protection violation because he has not shown the state adopted classifications affecting two or more similarly situated groups in an unequal manner, nor that the challenged classification bears no relationship to a legitimate state purpose. (*People v. Brown* (2012) 54 Cal.4th 314, 328; *Jensen v. Franchise Tax Bd.* (2009) 178 Cal.App.4th 426, 436.)[4]

William's final claim is the denial of his motion contravenes *Jerald C., supra,* 36 Cal.3d 1. We are not persuaded. *Jerald C.* — which considered the constitutionality of imposing liability on the parents of a juvenile court ward under section 903 — does not apply here. We conclude the court properly denied Williams's motion to compel compliance with the distribution order. Having reached this result, we need not analyze respondent's contention that collateral estoppel bars Williams's claims.

---

[4] In his reply brief, Williams describes the hardships associated with self-representation and urges this court to strike respondent's brief. These "arguments have been considered and merit no further discussion." (*Lyons v. Santa Barbara County Sheriff's Office* (2014) 231 Cal.App.4th 1499, 1506.)

## DISPOSITION

The order denying Williams's motion to compel compliance with the probate court's final distribution order is affirmed.  In the interests of justice, the parties will bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)

_____

Jones, P.J.

We concur:

_____

Simons, J.

_____

Bruiniers, J.

A146843