Filed 8/26/20  Martin v. Smith CA1/5
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| KAREN CALDWELL MARTIN,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>BELINDA LATRICE SMITH et al.,<br><br>     Defendants and Appellants;<br><br>CHICAGO TITLE COMPANY, et al.,<br><br>     Defendants. | A157129<br><br>(Alameda County<br>Super. Ct. No. RG08393815) |

Karen Caldwell Martin (plaintiff) sued notary Belinda Latrice Smith and real estate agent Jacob Benjamin Winding (collectively, defendants) for fraud and aiding and abetting fraud, alleging they duped her into relinquishing title to—and equity in—her home.

Defendants filed a special motion to strike in propria persona (Code Civ. Proc., § 425.16).[1]  The trial court denied the motion.  It concluded plaintiff's claims did not arise out of protected activity; it also determined the motion was frivolous and awarded plaintiff attorney fees.

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

1

Defendants appeal in propria persona. We affirm. We deny plaintiff's request for an unspecified amount of monetary sanctions for filing a frivolous appeal, but conclude she is entitled to attorney fees and costs incurred on appeal, the amount of which shall be determined by the trial court.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff owned her Oakland residence. When plaintiff fell behind on her mortgage payments after her husband died, she sought out the help of Winding, then a real estate agent. Winding suggested plaintiff add the name of his friend, Vanessa King, to the title so plaintiff could refinance her mortgage using King's credit rating. Winding promised the transaction would preserve plaintiff's equity in her home.

Winding's wife, Smith, is a notary. Smith assured plaintiff that she was "just adding . . . King to [the] title." Instead—and unbeknownst to plaintiff—Smith had plaintiff "sign a deed that transferred 100% of [the] title" to King. Smith did not give plaintiff a copy of the deed. King took out a loan on the property but made no payments. The home was sold at foreclosure. Plaintiff lost $200,000 in equity.

Plaintiff filed a lawsuit against defendants and others. As relevant here, the operative first amended complaint alleged claims against defendants for fraud and aiding and abetting fraud. Plaintiff alleged defendants promised to help her preserve the equity in her home, but instead tricked her into giving King the title.

Defendants filed a special motion to strike in propria persona. They argued plaintiff's claims arose out of protected activity under section 425.16, subdivisions (e)(1) and (2) because the statements at issue were made during an "official proceeding authorized by law." According to defendants, the

complaint's allegations were based on conduct or statements made during the "negotiation of a stipulated settlement" or in anticipation of litigation.

Plaintiff opposed the motion, arguing defendants' misrepresentations were not protected speech under section 425.16. She sought attorney fees on the grounds the motion was frivolous. The trial court agreed. It concluded defendants did not demonstrate the lawsuit arose out of protected activity. As the court explained, plaintiff's claims did not arise from "protected First Amendment activity taking place in an official proceeding or in connection with an issue being reviewed by an official proceeding." The court also determined the motion was frivolous and awarded plaintiff $9,900 in attorney fees.

DISCUSSION

" 'Section 425.16, subdivision (b)(1) requires the trial court to engage in a two-step process when determining whether to grant a motion to strike. First, it decides whether defendant has made a prima facie showing that the acts of which plaintiff complains were taken in furtherance of defendant's constitutional rights of petition or free speech in connection with a public issue. If defendant satisfies this threshold burden, plaintiff must then demonstrate a reasonable probability of prevailing on the merits. On appeal, we review these legal issues de novo.' " (*Workman v. Colichman* (2019) 33 Cal.App.5th 1039, 1047 (*Workman*).) " 'If defendant fails to meet its burden, we need not assess plaintiff's likelihood of prevailing on the merits.' " (*Id*. at p. 1047.)

"A trial court is required to award costs and attorney fees to a plaintiff who prevails in defending against an anti-SLAPP motion 'pursuant to [s]ection 128.5' upon a finding that the motion was 'frivolous or . . . solely intended to cause unnecessary delay.' [¶] . . . [¶] A trial court's ruling

3

ordering attorney fees for a frivolous anti-SLAPP motion is usually reviewed under the abuse of discretion standard." (*Rudisill v. California Coastal Com.* (2019) 35 Cal.App.5th 1062, 1070.)

## I.

### *Plaintiff's Claims Did Not Arise out of Protected Activity*

The trial court concluded plaintiff's claims did not arise out of protected activity under section 425.16, subdivision (e). The court was right. Winding's misrepresentations are not protected speech merely because he made them while working as a licensed real estate agent. Nor were defendants' alleged lies made before an "official proceeding authorized by law" or about an issue under consideration in an official proceeding under section 425.16, subdivisions (e)(1) and (2). (*Talega Maintenance Corp. v. Standard Pacific Corp.* (2014) 225 Cal.App.4th 722, 730, 732 [homeowners association board meetings are not "official proceedings" under the statute; "nongovernmental proceedings must have a strong connection to governmental proceedings to qualify as 'official' "].)

Defendants' misrepresentations were not made on an issue of public interest under section 425.16, subdivision (e)(4). (*Workman, supra,* 33 Cal.App.5th at p. 1048 [statements made during private real estate dispute did not involve issue of public interest].) Defendants' statements do not concern an issue of public interest merely because the real estate industry is " 'heavily regulated' " (*ibid.*) or " 'because millions of Americans live in houses and buy and sell houses.' " (*Id.* at p. 1042.) A generalized interest in the professional competence of real estate agents and notaries does not transform this private real estate transaction into an issue of public interest. (*Id.* at p. 1048; *Rand Resources, LLC v. City of Carson* (2019) 6 Cal.5th 610, 623–626 [misrepresentations were not protected speech where

4

defendants "failed to suggest anything more than the most attenuated connection between the [statement] and a matter of public importance"].) That Winding apparently lost his real estate license after plaintiff filed the lawsuit does not demonstrate his misrepresentations to plaintiff concern an issue of public interest.

Defendants have not satisfied their threshold burden to demonstrate plaintiff's claims arose out of protected speech. "We therefore do not address the second prong of the test." (*Workman, supra,* 33 Cal.App.5th at p. 1047.) Defendants' other arguments have been considered and merit no further consideration. (*Lyons v. Santa Barbara County Sheriff's Office* (2014) 231 Cal.App.4th 1499, 1506.)

## II.

### *Defendants' Motion to Strike Was Frivolous*

The trial court concluded defendants' special motion to strike was frivolous under section 425.16, subdivision (c). We agree. Defendants' motion was "totally and completely without merit." (§ 128.5, subd. (b)(2).) "Defendants did not meet the threshold burden of demonstrating that the communication[s] at issue in the complaint [were] made in furtherance of [their] constitutional rights of free speech . . . . Moreover, no case supports defendants' claim that communications" made during private conversations—when a real estate agent and notary dupe a homeowner into relinquishing title to, and equity in, her home—are made before an official proceeding authorized by law or on an issue of public interest. (*Workman, supra,* 33 Cal.App.5th at p. 1056.) "[A]pplication of the anti-SLAPP statute to these facts would be 'absurd.' Thus, the . . . motion was frivolous." (*Ibid.*) Defendants' cursory argument to the contrary is not persuasive.

### III.

*No Sanctions for Filing a Frivolous Appeal*

Plaintiff seeks an unspecified amount of sanctions against defendants for filing frivolous appeal under California Rules of Court, rule 8.276(a)(1). We deny the request because plaintiff "has not filed a motion for sanctions along with a declaration supporting the amount . . . sought." (*Saltonstall v. City of Sacramento* (2014) 231 Cal.App.4th 837, 858.) Plaintiff, however, *is* entitled to reasonable attorney fees incurred on appeal, the amount of which is to be determined by the trial court. (*Dowling v. Zimmerman* (2001) 85 Cal.App.4th 1400, 1426; Cal. Rules of Court, rule 3.1702(c) [describing procedure for applying for attorney fees incurred on appeal].)

### DISPOSITION

The order denying the special motion to strike is affirmed. Plaintiff's request for monetary sanctions against defendants for pursuing a frivolous appeal is denied. Plaintiff is entitled to costs on appeal (Cal. Rules of Court, rule 8.278(a)(2)) and to an award of attorney fees incurred on appeal, the amounts of which shall be determined by the trial court.

                                      _____

                                      Jones, P. J.

WE CONCUR:


_____

Needham, J.


_____

Burns, J.


A157129